# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 16-129** |
| **v.** | * | **SECTION: "A"** |
| **BRADER YELVERTON** | * | |

\* \* \*

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED    AUG 3 0 2016
WILLIAM W. BLEVINS
CLERK
```

## FACTUAL BASIS

The defendant, **BRADER YELVERTON**, (hereinafter, the "defendant" or "**YELVERTON**"), has agreed to plead guilty as charged to the Bill of Information now pending against him, charging him with unauthorized access of a protected computer to obtain information, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), (c)(2)(B)(ii), (iii). Both the Government and the defendant, **BRADER YELVERTON**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

## BACKGROUND

### *Apple*

The Government would show that Apple, Inc. ("Apple") operates computers used by subscribers all over the world in interstate and foreign commerce and communications. One of

---

Defendant's Initials _____  Page 1

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No._____
```

the servicers Apple provides to its customers is "iCloud." iCloud is a cloud storage solution provided by Apple to users of its devices. iCloud provides users with email accounts as well as cloud-based storage of information, including contacts, calendars, documents, photographs and other data. iCloud also stores (*i.e.*, saves a back-up) information saved on Apple iOS devices (iPhones and iPads), including photographs, text messages and data from applications. Users are often unaware that photographs may have been backed up to iCloud via Photo Stream, a program that uploads users' photographs to their iCloud Photo Library. "iForgot" is an Apple application used to reset a customer's Apple account. An Apple account password can be changed with iForgot by answering security questions, email authentication, or by two-step authentication. The contents of iCloud accounts are maintained on protected computers, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B).

*Google*

Google, Inc. ("Google") operates computers used by subscribers all over the world in interstate and foreign commerce and communications. One of the services Google provides to its customers is "Gmail," an email service. The contents of Gmail accounts are maintained on protected computers, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B).

*Microsoft/Hotmail*

Microsoft Corporation ("Microsoft") operates computers and computer operating systems used by subscribers all over the world in interstate and foreign commerce and communications. One of the services Microsoft provides to its customers is "Hotmail," an email service. The contents of Hotmail accounts are maintained on protected computers, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B).

*Yahoo!*

Yahoo, Inc. ("Yahoo") operates computers and computer operating systems used by subscribers all over the world in interstate and foreign commerce and communications. One of the services Yahoo provides to its customers is "Yahoo! Mail," an email service. The contents of Yahoo! Mail accounts are maintained on protected computers, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B).

*Facebook*

Facebook, Inc. ("Facebook") operates an online social media network used by subscribers all over the world in interstate and foreign commerce and communications. Facebook users create a profile that allows them to "post" digital pictures, videos, and other text-based comments and communications. One of the services Facebook provides to its customers is "Messenger," a private instant messaging platform that allows Facebook users to communicate privately with one another. Messenger also allows users to send digital photographs, videos, and audio recordings to one other privately. The contents of Facebook accounts are maintained on protected computers, as that term is defined in Title 18, United States Code, Section 1030(e)(2)(B).

**VICTIM A**

The Government would establish that Victim A is a female who resides within the Eastern District of Louisiana. Victim A created and maintained a Gmail account, an Apple iCloud account, and a Facebook account. Victim A also maintained a cellular phone account with Verizon, Inc. Beginning at a time unknown, Victim A took private and sensitive photographs, including with her Samsung Galaxy III cellular telephone. Between October 2014 and November 2014, Victim A transmitted some of those photographs to her fiancé via

Facebook Messenger.  On about February 11, 2015, Victim A learned that some of the sensitive photographs had been posted on an online anonymous image trading board ("Website A").  Website A provides for state-specific and city-specific fora for individuals to upload, view, download, and trade images.

The Government would establish that the defendant, **BRADER YELVERTON**, obtained access to several of Victim A's password-protected personal online and email accounts, including those operated by Gmail, iCloud, Verizon, and Facebook, without her authorization and thereby obtained photographs and other private information of Victim A.

The Government would further prove that **YELVERTON** accessed Victim A's various online accounts, without her knowledge or authorization, in a variety of ways.  Specifically, **YELVERTON** obtained the password for Victim A's Facebook account without her authorization, thereby giving him access to the contents of her Facebook account, including the contents of her Messenger account.  Using the information contained in Victim A's Facebook page, as well as the contents of other online accounts belonging to Victim A, **YELVERTON** was able to log into and access Victim A's Gmail account.  Once he obtained access to the Messenger and Gmail accounts, **YELVERTON** changed the passwords to Victim A's Gmail and iCloud accounts so that he could continue to access them.  Using a similar method, **YELVERTON** also obtained access, without authorization, to an email account of Victim A that was issued to her by a university she attended located in the Eastern District of Louisiana.  Once **YELVERTON** had Victim A's user name and password to an account, he searched the contents of Victim A's accounts and obtained her personal information, including nude photographs.  **YELVERTON** then saved some of the photographs stored in Victim A's various online accounts onto his personal laptop computers.  **YELVERTON** viewed not fewer than 380

pictures stored in Victim A's various online accounts, including several that constituted sensitive depictions of Victim A.

The Government would further establish that **YELVERTON** uploaded at least two of the private, sensitive photographs of Victim A that he obtained from her personal accounts onto Website A. During the upload process, **YELVERTON** entitled the images using the first name and last initial of Victim A, so that other viewers of Website A could readily identify Victim A. Not later than July 2015, Victim A began legal proceedings to remove her photographs from Website A. Prior to their removal, however, several of the images of Victim A **YELVERTON** uploaded were downloaded later by other visitors to Website A. In about April 2016, a user of Website A other than **YELVERTON** uploaded the aforementioned images of Victim A to Website A.

## OTHER VICTIMS

The Government would establish that on about December 15, 2015, special agents with the Federal Bureau of Investigation executed a lawfully-issued search warrant of **YELVERTON'S** residence in Thibodaux, Louisiana. Agents seized two laptop computers to which **YELVERTON** had access. A subsequent forensic examination of the two laptop computers revealed that **YELVERTON** had accessed, without authorization, the personal online accounts of at least forty-nine (49) individuals, including, in some instances, multiple accounts belonging to the same individual. Specifically, **YELVERTON** obtained access to the personal iCloud, Facebook, Gmail, Hotmail, and Yahoo! Mail accounts of individuals in essentially the same way he obtained access to Victim A's accounts. In some instances, after **YELVERTON** accessed the accounts, he would review their contents and thereby obtain the personal

information of the victims, including emails, messages, and photographs of the account holders. **YELVERTON** typically repeated this pattern of conduct every few days.

The Government would further establish most of these individuals whose accounts **YELVERTON** resided in the Eastern District of Louisiana. **YELVERTON** accessed these accounts on numerous occasions between 2013 and December 2015. All of the individuals whose accounts **YELVERTON** accessed without authorization were individuals with whom **YELVERTON** was familiar. The vast majority were females, as well as several of their significant others. None of the victims authorized **YELVERTON** to access their Gmail, Facebook, or iCloud accounts or download personal information from those accounts.

The Government would establish that portions of **YELVERTON'S** conduct, as detailed above, constituted criminal acts, namely, Theft, in violation of La. Rev. Stat. 14:67. **YELVERTON'S** conduct between 2013 and November 2015 occurred in furtherance of those acts.

The Government would further establish that the information **YELVERTON** obtained from the victims' personal online accounts, including sensitive photographs, had a value of greater than $5,000.

The above facts come from an investigation conducted by, and would be proven at trial

by credible testimony from, the Special Agents and forensic examiners from the Federal Bureau

of Investigation, other witnesses, and documents and electronic devices in the possession of the

FBI, Apple, Inc., Google, Inc., Microsoft Corporation, Yahoo, Inc. and Facebook, Inc.


BRADER YELVERTON
Defendant


ELIZABETH B. CARPENTER, ESQ.
Attorney for Defendant Yelverton
Louisiana Bar Roll No. 31653


JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar Roll No. 6282956